WORTHINGTON (SMALLWOOD v.). See Case No. 12,963.

WORTHINGTON (TUNSTALL v.). See Case No. 14,239.

---

## Case No. 18,056.

### WORTMAN v. CONYNGHAM.

[Pet. C. C. 241.] [1]

Circuit Court, D. Pennsylvania. April Term, 1815.

EXECUTION SALE—RETURN BY MARSHAL—PURCHASER'S FAILURE TO COMPLY—DISTRIBUTION OF FUND.

1. The court will not dictate to the marshal, what return he shall make to process in his hands. He must make his return at his peril, and any person injured by it, may have his legal remedy for such return.

[Cited in The Circassian, Case No. 2,721.]

[Cited in brief in McMicken v. Com., 58 Pa. St. 218.]

2. It is not a sufficient return to a venditioni exponas, "that A. B., to whom the property was struck off at the sale, has neglected and refused to comply with the terms of sale." It is the duty of the marshal, to offer the property at sale again, if he had time to do so; and if not, by a proper return, enable the plaintiff to take out an alias venditioni exponas.

[Cited in Dazet v. Landry (Nev.) 30 Pac. 1067.]

3. After the marshal is commanded by the writ, to bring the money, the proceeds of a sale, into court, he may pay it to the plaintiff on the execution, on his responsibility, for the right of the plaintiff to receive it.

[Cited in brief in Mather v. McMichael, 13 Pa. St. 302; Watmough v. Francis, 7 Pa. St. 212.]

4. The court will not interfere, in a summary way, to distribute money, the proceeds of an execution, or decide on the rights of those who claim it, unless the money be paid into court.

---

1 [Reported by Richard Peters, Jr., Esq.]

5. Quære, if the purchaser of property, sold under a venditioni exponas, may pay the plaintiff in the execution.

This was a rule upon the marshal, to show cause, why he should not return the writ to the following effect, viz. "that the property levied upon, has been sold, and the purchaser retains the money in his hands, by virtue of a prior lien."

After argument, WASHINGTON, Circuit Justice, discharged the rule; THE COURT not thinking it proper, to dictate to the marshal, what return he should make, to process put into his hands to execute. He must make his return at his peril; and if false in fact, or insufficient in law, any person injured thereby, has a legal remedy for any injury he may sustain.

After this decision, the following rule was obtained, viz.: "Rule upon the marshal, to show cause why he should not execute a deed to F. West, for the land by him purchased, at the sale of the defendant's property, under a venditioni exponas, at the suit of the plaintiff." The return made by the marshal on the venditioni exponas, was as follows: "By virtue of the annexed writ, I exposed to public sale, on the 29th day of November, at the coffee house in the city of Philadelphia, all the right, &c., of David H. Conyngham, in the hereafter described property; when the same were struck off to several persons, whose names are annexed to the description of the property, being the highest and best bidders, at the prices opposite to their names." Then followed the description of the lands, and the names of the purchasers, and amongst them F. West, a purchaser to the amount of twenty-eight thousand nine hundred and twenty-five dollars. "But the said F. West, has neglected and refused to comply with the terms of sale, and pay the purchase money aforesaid, &c." Annexed to the return, but forming no part of it, or referred to in the return, was the following paper, viz.: "Wortman vs. Conyngham. Circuit Court, Venditioni Exponas. Sir: Francis West became a .purchaser at the marshal's sale, under the above venditioni exponas, to the amount of twenty-eight thousand nine hundred and twenty-five dollars. You are hereby authorised to credit said Francis West, with the amount above specified, out of the judgment in favour of the plaintiff above named; which is the earliest lien, and amounts to a sum greatly exceeding the purchase by F. West; and so far as the plaintiff's right extends, you will consider this credit, a payment by F. West. (Signed) J. R. Ingersoll, Attorney for the Plaintiff." Directed to the marshal.

In support of the rule, it was contended by Jared & Joseph R. Ingersoll that the return was tantamount to a return that the purchase money had been paid to the plaintiff, and, therefore, the marshal ought to be directed, to execute a deed to F. West, the purchaser.

The rule was opposed by Mr. Wallace, who contended: That even if the court ought to interfere in this summary way, still it would be improper to order a conveyance to be made to the purchaser, in the face of the return, which states that the purchase money has not been paid. The order of the plaintiff's attorney forms no part of the return, and cannot therefore be noticed by the court.

Jared & J. R. Ingersoll, for the motions.
Mr. Wallace against the rule.

WASHINGTON, Circuit Justice. The return made to this writ, taken by itself, is unquestionably an insufficient one; in as much as it amounts to saying, that the exigency of the writ has not been complied with, and yet it assigns no legal reason for the failure. If the purchasers refused to comply with the terms of sale, it was the same thing as if the land had not been struck off to them; and the marshal might, and it was his duty to offer the property again to sale. If he had not time to do so, he might have made a proper return to that effect, and an alias venditioni exponas would have issued. But all that appears by this return is, that no effectual sale has been made, and if so, how can this court order the marshal to make a conveyance? Although the writ commands the marshal to bring the money into court, and in strictness he ought to do so, yet he may pay it to the plaintiff if he chooses; and this would be a sufficient return to the writ. If he has any doubt as to the right of the plaintiff to receive the money, he may pay it into court, and discharge himself from all responsibility; or, if a third person claims a right to the money, he may obtain a rule upon the marshal, to show cause why the money should not be paid into court; and when this is ordered, such person may assert his superior right to the money or any part of it, over that of the plaintiff under whose execution the money was levied; and the court will, in its discretion, hear and determine these contested claims, upon a rule to show cause. But this court, or the court of the state, have in no instance, to my knowledge, interposed in a summary way to distribute the money or to decide the rights of the claimants to it, or in any incidental question, in relation to the money; unless it has first been brought into court; and great inconveniency, perhaps injustice, might arise, if such a practice were to be introduced.

This opinion is founded upon the marshal's return. But he has annexed to the writ, though the return has no reference to it, a paper signed by the plaintiff's attorney, addressed to the marshal; which, in substance, directs him to credit the execution with the sum bid by F. West, as if it had been paid. It is contended, in support of the rule; that this paper amounts to an acknowledgment that the plaintiff has received the purchase money from West, and consequently that he is entitled to a conveyance. But, the short answer to this argument is, that this paper forms no part of the return, and is, in fact, at variance with it. The return is, that the purchaser has refused to comply with the terms of sale, and to pay the purchase money; and this paper states, that he has satisfied the plaintiff. But has the purchaser a right to pay the money to the plaintiff, against the will and without the consent of the officer? I am by no means clear that he ought to do so; since the marshal may pay off prior mortgages and executions, which he would have been prevented from doing, if the purchaser might pay the purchase money immediately to the plaintiff. Upon this point however I give no decided opinion, further than to state, that in a contested case, where such payment has been made, I should not feel disposed to interfere, in a summary way, to compel the marshal to make a conveyance to the purchaser. Rule discharged.